UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MANUEL P. ASENSIO, individually and as the parent of E.A., a minor child,

        Plaintiff,

-v.-

HON. JOHN G. ROBERTS, JR., Chief Justice of the United States and Presiding Justice of the Judicial Conference of the United States; HON. ROBERT A. KATZMANN ("Judges Katzmann"), Chief Judge of the United States Court of Appeals for the Second Circuit; HON. RONNIE ABRAMS, a justice of the US District Court for the Southern District of New York,

        Defendants.

19 Civ. 3384 (KPF)

**ORDER OF DISMISSAL**

---

KATHERINE POLK FAILLA, District Judge:

    Plaintiff Manuel P. Asensio appears *pro se* and asserts claims on behalf of himself and his minor daughter.[1] Plaintiff asserts claims under 18 U.S.C. § 241, and 42 U.S.C. §§ 1983, 1985, 1986, and 1988. He also asserts claims under state law. He sues Chief Justice John G. Roberts, Jr., of the Supreme Court of the United States; Chief Judge Robert A. Katzmann of the United States Court of Appeals for the Second Circuit; and District Judge Ronnie Abrams of this Court, and he seeks damages. For the reasons discussed below, the Court dismisses this action.

---

[1]     The complaint mentions Plaintiff's minor daughter's full name. Under Rule 5.2(a)(3) of the Federal Rules of Civil Procedure, however, a Court submission may only refer to a minor child's name by using the child's initials. In an abundance of caution, the Clerk of Court has restricted electronic docket access to the complaint to a "case-participant only" basis. The Court refers to Plaintiff's minor daughter by her initials, E.A.

**STANDARD OF REVIEW**

The Court has the authority to dismiss a complaint, even when the plaintiff has paid the relevant fees to commence a federal civil action, if it determines that the action is frivolous, *see Fitzgerald* v. *First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000), or that the Court lacks subject matter jurisdiction, Fed. R. Civ. P. 12(h)(3); *Ruhrgas AG* v. *Marathon Oil Co.*, 526 U.S. 574, 583 (1999). The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris* v. *Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman* v. *Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke* v. *Williams*, 490 U.S. 319, 325 (1989), *abrogated on other grounds by Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544 (2007); *see also Denton* v. *Hernandez*, 504 U.S. 25, 33 (1992) (holding that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston* v. *Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory." (internal quotation marks and citation omitted)).

## BACKGROUND

In another *pro se* civil action pending in this Court before Judge Abrams, *Asensio* v. *DiFiore*, No. 18 Civ. 10933 (RA) ("*Asensio I*"), Plaintiff sued New York Court of Appeals Chief Judge Janet DiFiore, former Acting New York State Attorney General Barbara Underwood, New York Governor Andrew Cuomo, New York Family Court Judge Adetokunbo Fasanya, and Plaintiff's ex-wife, Emilie Marie Bosak. Plaintiff's claims in *Asensio I* arise from his child custody dispute with Bosak, the associated Family Court proceedings before Judge Fasanya, Chief Judge DiFiore's alleged failure to hold Judge Fasanya accountable for his misconduct, and the other state officials' alleged acquiescence to Judge Fasanya's misconduct, despite Plaintiff's complaints to them about it.

In the present action, Plaintiff alleges that on March 5, 2019, Chief Judge Katzmann and District Judge Abrams "planted" an unspecified "negative story" in the *New York Daily News* about Plaintiff and *Asensio I*. (*See* Dkt. #2 at 2-3). Plaintiff also accuses them of "deliberate misconduct and mismanagement" in *Asensio I*, including having *ex parte* communication with Chief Judge DiFiore. (*Id.* at 2). He states that their purpose in planting the story was to "sanction DiFiore's scheme to fabricate jurisdiction over strictly private family matters." (*Id.* at 3). He alleges that the story is "their communion with DiFiore." Plaintiff states that "[t]he commune is a group of New York federal judges that are allowing DiFiore to deliberately cause misunderstanding for political purposes. They use agitation, aggravation,

disturbances and disruptions in civil, peaceful, good American lives, such as that of the Plaintiffs, to create income streams for their political purposes." (*Id.* at 3-4).

Plaintiff seems to assert claims against Chief Judge Katzmann arising from his alleged failure to act on Plaintiff's judicial misconduct complaints about District Judge Abrams. (*See* Dkt. #2 at 60-68, 74-77, 86-88). Similarly, Plaintiff's claims against Chief Justice Roberts seem to arise from his alleged failure to act on Plaintiff's judicial misconduct complaints about Chief Judge Katzmann and District Judge Abrams. (*See id.* at 1-3, 17-33, 111-13). Throughout Plaintiff's complaint, Plaintiff objects to the existence of the domestic relations exception to the federal courts' subject matter jurisdiction.

## DISCUSSION

### A. Plaintiff's Claims on Behalf of E.A.

The Court must dismiss Plaintiff's claims that he asserts on behalf of his minor daughter, E.A. The provision governing appearances in federal court, 28 U.S.C. § 1654, allows two types of representation: "that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself." *Eagle Assocs.* v. *Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991) (internal quotation marks and citation omitted). Generally, a non-attorney parent cannot bring an action *pro se* in federal court on behalf of a child. *See, e.g., Tindall* v. *Poultney High Sch. Dist.*, 414 F.3d 281, 284 (2d Cir. 2005). "[B]ecause pro se means to appear for one's self, a person may not appear on another person's behalf in the other's cause. A

4

person must be litigating an interest personal to him." *Iannaccone* v. *Law*, 142 F.3d 553, 558 (2d Cir. 1998); *Cheung* v. *Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 60 (2d Cir. 1990) ("[I]t is not in the interests of minors or incompetents that they be represented by non-attorneys."). Plaintiff does not allege that he is an attorney. Accordingly, the Court dismisses Plaintiff's claims that he asserts on behalf of E.A. without prejudice.

**B.  Judicial Immunity**

The Court construes Plaintiff's claims under 42 U.S.C. § 1983 that he brings on his own behalf against Defendants — all federal judges — as claims of violations of his federal constitutional rights under *Bivens* v. *Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See Ashcroft* v. *Iqbal*, 556 U.S. 662, 675 (2009) ("[*Bivens*] is the federal analog to suits brought against state officials under [§ 1983]." (internal quotation marks and citation omitted)); *Morales* v. *City of New York*, 752 F.3d 234, 237 (2d Cir. 2014) (holding that the district court properly construed § 1983 claims brought against a federal employee as arising under *Bivens*). Federal courts have analogized *Bivens* claims to those brought under § 1983; caselaw from § 1983 claims may be used to address issues in *Bivens* claims. *See Butz* v. *Economou*, 438 U.S. 478, 498-99 (1978); *Shue* v. *United States*, 466 F. App'x 51 (2012) (summary order) (citing *Tavarez* v. *Reno*, 54 F.3d 109, 110 (2d Cir. 1995)).

The Court must dismiss Plaintiff's *Bivens* claims against Judge Abrams arising from her rulings in *Asensio I* because those claims are barred by the doctrine of judicial immunity. Judges are absolutely immune from suit for

5

damages for any actions taken within the scope of their judicial responsibilities. *See Mireles* v. *Waco*, 502 U.S. 9, 11-12 (1991); *see also Dorman* v. *Higgins*, 821 F.2d 133, 137-39 (2d Cir. 1987) (applying judicial immunity to *Bivens* claims). Generally, "acts arising out of, or related to, individual cases before [a] judge are considered judicial in nature." *Bliven* v. *Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "[E]ven allegations of bad faith or malice cannot overcome judicial immunity." *Id.* at 209. This is because "[w]ithout insulation from liability, judges would be subject to harassment and intimidation[.]" *Young* v. *Selsky*, 41 F.3d 47, 51 (2d Cir. 1994) (internal quotation marks and citation omitted).

Judicial immunity does not apply when a judge takes action outside her judicial capacity, or when a judge takes action that, although judicial in nature, is taken in absence of all jurisdiction. *Mireles*, 502 U.S. at 11-12; *see also Bliven,* 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge[.]" *Stump* v. *Sparkman,* 435 U.S. 349, 356 (1978).

Plaintiff asserts at least some *Bivens* claims against Judge Abrams that arise from her rulings in *Asensio I.* Under the doctrine of judicial immunity, however, Judge Abrams is immune from suit for those claims. The Court therefore dismisses Plaintiff's *Bivens* claims against Judge Abrams that arise from her rulings in *Asensio I* as frivolous, under the doctrine of judicial immunity. *See Mills* v. *Fischer,* 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim

6

dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the *in forma pauperis* statute]."); *Montero* v. *Travis*, 171 F.3d 757, 760 (2d Cir. 1999) ("A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'" (quoting *Neitzke* v. *Williams*, 490 U.S. 319, 327 (1989))).

C.  **Plaintiff's Remaining Federal Claims**

Even when the Court reads the complaint with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474, the Court must dismiss Plaintiff's remaining federal claims as frivolous. Plaintiff's allegations with respect to these claims rise to the level of the irrational, and there is no legal theory on which he can rely.[2] *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437.

---

[2]   Even if Plaintiff's remaining federal claims were not frivolous, Plaintiff's allegations with respect to these claims are insufficient to state a claim for relief under federal law. To the extent that Plaintiff seeks Defendants' criminal prosecution under 18 U.S.C. § 241, a private citizen like himself cannot initiate a criminal prosecution in a federal court. *See Leeke* v. *Timmerman*, 454 U.S. 83, 86-87 (1981); *Linda R.S.* v. *Richard D.*, 410 U.S. 614, 619 (1973). Plaintiff cannot assert that his constitutional rights were violated by Chief Justice Roberts or Chief Judge Katzmann because of their failures to act on Plaintiff's judicial misconduct complaints because there is no affirmative right to government aid. *See DeShaney* v. *Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 196 (1989). Plaintiff's allegations that Defendants — in particular, Chief Judge Katzmann and District Judge Abrams — engaged in a conspiracy to violate his federal constitutional rights lack the factual support to state a conspiracy claim under *Bivens* or 42 U.S.C. § 1985. *See Stoner* v. *Young Concert Artists, Inc.*, 626 F. App'x 293, 296 (2d Cir. 2015) (summary order); *Boddie* v. *Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997). And if Plaintiff cannot allege sufficient facts to state a § 1985 claim, he cannot state a related claim under 42 U.S.C. § 1986. *See Graham* v. *Henderson*, 89 F.3d 75, 82 (2d Cir. 1996). Finally, *pro se* plaintiffs, including attorneys acting *pro se*, are not entitled to attorney's fees under 42 U.S.C. § 1988. *See Kay* v. *Ehrler*, 499 U.S. 432, 437-38 (1991).

7

**D.     Plaintiff's State-Law Claims**

A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).  Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction[.]" *Carnegie-Mellon Univ*. v. *Cohill,* 484 U.S. 343, 350 (1988) (footnote omitted).  Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state-law claims Plaintiff may be asserting.  *See Kolari* v. *New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago* v. *Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**E.     Leave to Amend**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile.  *See Hill* v. *Curcione,* 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin* v. *Cuomo,* 861 F.2d 40, 42 (2d Cir. 1988).  Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

## CONCLUSION

The Court dismisses this action. The Court dismisses Plaintiff's claims that he asserts on behalf of his minor daughter, E.A, without prejudice. The Court dismisses the remaining federal claims as barred by immunity or frivolous. The Court declines to exercise jurisdiction over Plaintiff's supplemental state-law claims.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge* v. *United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to docket this Order as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: April 26, 2019
New York, New York

KATHERINE POLK FAILLA
United States District Judge

*Sent by First Class Mail to:*
Manuel P. Asensio
641 Lexington Avenue, Suite 1533
New York, NY 10022